UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIOUS GATES,<br><br>    Plaintiff,<br><br>v.<br><br>ALIM KASSAM, et al.,<br><br>    Defendants. | Case No. 23-cv-04827-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 43, 47 |

Pending before the Court are motions to dismiss filed by defendant Wendy Y. Medina, Dkt. No. 43, and defendants Athas Capital Group, Inc., RAMA Capital Partners, LLC, The RAMA Fund, LLC, Alim Kassam, Brian O'Shaughnessy, Alex Urmersbach, FCI Lender Services, Inc., California TD Specialists, Timothy Griffith, Michael Griffith, and Jeffrey Griffith, Dkt. No. 47. The Court finds these matters appropriate for disposition without oral argument and deems them submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court will **GRANT** the motions to dismiss with one final opportunity to amend.

**I.    BACKGROUND**

On August 21, 2023, Tyrious Gates ("Plaintiff") filed a lawsuit in San Mateo Superior Court asserting both federal and state claims related to a foreclosure on his East Palo Alto property. *See* Dkt. No. 1 at 6.[1] He then filed a document called a First Amended Complaint ("FAC") purporting to request a land patent from the Department of the Interior. *Id*. at 104. On September 20, 2023, a group of defendants timely removed the action to this Court pursuant to 28 U.S.C. section 1331 based on the federal law claims raised in the original complaint and the

---

[1] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination unless otherwise noted.

1  federal authorities cited in the FAC.[2]  Dkt. No. 1.  Once in federal court, Plaintiff, proceeding pro
2  se, and in accordance with a stipulation, filed a Second Amended Complaint.  Dkt. No. 24
3  ("SAC").  The SAC proceeds against Alim Kassam, Brain O'Shaughnessy, Alex Urmersbach, the
4  RAMA Capital Partners, LLC, the RAMA Fund, LLC, Athas Capital Group, Inc, California TD
5  Specialists, Timothy D. Griffith, Jeffrey M. Griffith, Michael W. Griffith, CFI Lender Services,
6  Inc, Peter Bao of Cameo Real Estate, and Wendy Y. Medina ("Defendants").

While hard to follow, Plaintiffs' allegations against Defendants appear to focus on misrepresentations during the refinancing process, the high interest rate on his mortgage refinance loan (9.999%), falsification of his loan's Assignment of Deed of Trust, and the August 23, 2023 notice of trustee's sale and ensuing nonjudicial foreclosure.  Specifically, Plaintiff alleges that after applying to refinance the mortgage on the property in March 2022, Peter Bao, Athas Capital Group Inc., and First American Title company "erred and applied part of the funded money of the refinance to only 6 months of prepaid interest and did not apply it to 12 months of prepaid Mortgage payments on the refinanced loan[,]" which is what he claims Mr. Bao represented would happen.  SAC ¶ 10.  The interest rate on that refinanced loan from Athas Capital Group Inc. was allegedly 9.999%, which Plaintiffs alleges is usurious.  *Id.* ¶ 11.  Plaintiff further alleges that in December of 2022, Alim Kassam, "who is the primary shareholder, Corporate officer and manager for Athas Capital Group, Inc, The Rama Fund, LLC, And The Rama Capital Partners LLC signed an Assignment of Deed of Trust as to the Subject loan, and falsely signed as the Assistant Secretary for Mortgage Electronic Registration Systems, Inc. known as MERS, when in actuality, Alim Kassam is not an employee nor a secretary for MERS."  *Id.* ¶ 16.  Finally, Plaintiff alleges that even though Athas Capital Group's mortgage license was apparently terminated in January

---

[2] The Court observes that the Notice of Removal does not indicate Wendy Y. Medina or Peter Bao's consent to removal.  While no party has objected to removal, given that "all defendants who have been properly served must join a notice of removal," their lack of consent is nevertheless an issue.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citation omitted).  However, this issue is not necessarily fatal, as the Court "may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 955–57 (9th Cir. 2011).  Accordingly, to avoid remand, the Defendants responsible for removal of this action are **DIRECTED** to obtain joinder from Wendy Medina and Peter Bao and file a joint statement affirming their joinder by September 4, 2024.

1    2023, Defendants recorded a notice of trustee's sale on July 24, 2023 advertising a public auction

2    on August 23, 2023.  *Id*. ¶ 20.  He further alleges that the auction was "never advertised to the

3    public" since it was "instead posted . . . on a private Auction site that requires viewers to pay a

4    subscription or membership fee."  *Id*. ¶ 21.

5          Based on this alleged misconduct, which culminated in foreclosure of Plaintiff's property,

6    Plaintiff asserts causes of action for cancellation of mortgage instruments, quiet title, fraud by

7    intentional misrepresentation, fraud by negligent misrepresentation, civil extortion, intentional

8    infliction of emotional distress, conspiracy against civil rights (42 U.S.C. § 1985(3)), conspiracy

9    to violate the RICO Act, and civil conspiracy, and alleges violations of California Commercial

10   Code § 3301, the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §17200 et seq), the

11   Rosenthal Fair Debt Collections Act (Cal. Civ. Code § 1788), and the Racketeer Influenced and

12   Corrupt Organizations Act ("RICO Act") (18 U.S.C. § 1964(c)).  Plaintiff seeks an accounting of

13   his mortgage obligations, declaratory relief, and injunctive relief (in the form of a TRO,

14   preliminary and permanent injunction).  *See* SAC.

15         On January 11, 2024, Defendant Wendy Medina filed a motion to dismiss Plaintiff's SAC,

16   Dkt. No. 43 ("Medina MTD"), and Defendants Athas Capital Group, Inc., RAMA Capital

17   Partners, LLC, The RAMA Fund, LLC, Alim Kassam, Brian O'Shaughnessy, Alex Urmersbach,

18   FCI Lender Services, Inc., California TD Specialists, Timothy Griffith, Michael Griffith, and

19   Jeffrey Griffith did the same, Dkt. No. 47 ("Defs MTD").[3]  Both motions are fully briefed and

20   ready for disposition.  *See* Dkt. Nos. 49 ("Medina Opp."), 50 ("Defs Opp."), 52 ("Medina Reply"),

21   51 ("Defs Reply").

22   **II.   LEGAL STANDARD**

23         Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

24   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

25   defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

---

[3] Defendant Peter Bao of Cameo Real Estate has not appeared in this action, and is therefore not one of the moving Defendants.  From the docket, it appears that Plaintiff has not served Mr. Bao with the SAC, which was filed in November 2023.

1    granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the
2    complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
3    *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule
4    12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
5    on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible
6    when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that
7    the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8    In reviewing the plausibility of a complaint, courts "accept factual allegations in the
9    complaint as true and construe the pleadings in the light most favorable to the nonmoving party."
10   *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,
11   courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of
12   fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.
13   2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).[4]

14   Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).
15   "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than
16   formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation
17   omitted).  In addition, "[i]n civil rights cases where the plaintiff appears pro se, the court must
18   construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi*
19   *v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, even a "liberal interpretation of
20   a . . . complaint may not supply essential elements of the claim that were not initially pled." *See*
21   *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are
22   bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require
23   "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R.
24   Civ. P. 8(a).

25   Even if the court concludes that a 12(b)(6) motion should be granted, the "court should

---

[4] Given the posture of the case, Plaintiff's reference to summary judgment standards in his oppositions to Defendants' motions is misplaced.  At this stage, the Court is not evaluating whether any factual disputes exist or resolving those disputes: it is solely examining whether Plaintiff's allegations support a cognizable claim for relief.

4

1  grant leave to amend even if no request to amend the pleading was made, unless it determines that

2  the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

3  F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

### III.  DISCUSSION

####     A.  Defendant Medina's Motion to Dismiss

Defendant Medina moves to dismiss Plaintiff's claims.[5]  The Court will grant her request, as Plaintiff's allegations fail to plausibly allege how Medina is connected to the conduct at issue, or how that conduct states a claim for relief.  In Plaintiff's 200-paragraph complaint, he makes just two basic allegations about Medina.  The first is that Medina received a commission on the loan issued by broker Peter Bao.  SAC ¶¶ 10 (Plaintiff alleges that he is "informed and believes that Wendy Y. Medina, assisted, consulted, and received partial commission on the loan, as a licensed real estate agent in California."); 153 (realleged in support of Plaintiff's sixth cause of action for fraud by negligent misrepresentation).  The second is that Medina advised Alim Kassam to fraudulently sign the Assignment of the Deed of Trust.  SAC ¶¶ 16 ("Wendy Y. Medina assisted Alim Kassam, gave advice to Alim Kassam, and conspired with Alam Kassam in this illegal conduct because Alim Kassam expressed and implied that the recorded document, was the result of the advice of Defendant Wendy Y. Medina."), 104 (similar language realleged in support of Plaintiff's third cause of action for quiet title), 127 (realleged in support of Plaintiff's fifth cause of action for fraud by intentional misrepresentation), 132 (same), 159 (realleged in support of

---

[5] Along with her motion, Defendant Medina submitted a request for judicial notice. *See* Dkt. No. 44.  She requests that the Court consider eight exhibits: four that contain prior court filings from this action (Exhibits A-D), and four that relate to Defendant Medina's litigation history with Mario Abernathy, who she suspects may have implicated her in the present suit (Exhibits E-H).  Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics*, 899 F.3d 999 (9th Cir. 2018) (citation and quotations omitted).  While the accuracy of Defendant Medina's proffered materials is not readily susceptible to challenge, the Court finds that it need not take judicial notice of Exhibits A-D: the materials contained in these exhibits are available on this case's docket and already part of the record.  As for Exhibits E-H, which are legal and court documents, the Court finds them of limited relevance but agrees that since their accuracy is reliable, judicial notice is permissible. *See Est. of Blue v. Cnty. of L.A.*, 120 F.3d 982, 984 (9th Cir. 1997) (affirming that court may take judicial notice of filings in other cases).

1   Plaintiff's sixth cause of action for fraud by negligent misrepresentation).

2   These allegations lack "factual content that allows the court to draw the reasonable
3   inference that [Medina] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  It is
4   unclear, among other things, what Medina's relationship is to Kassam, how or why she
5   purportedly advised him to fraudulently sign a document, or how Kassam supposedly "expressed
6   and implied" that Medina directed the fraud.  And even if Defendant Medina did, as alleged,
7   collect a partial commission on Plaintiff's refinanced mortgage, it is unclear how that purportedly
8   gives rise to liability, given that Peter Bao is the party alleged to have misrepresented the
9   refinancing terms.  *See* SAC ¶ 10 ("Peter Bao misrepresented the [sic] financing would cover
10  prepaid mortgage payments for one year . . . .").  Even when construed in Plaintiff's favor, the
11  handful of allegations as to Medina are too thin to support the fifteen causes of action leveled
12  against her, particularly given that some of those fraud-based causes of action must be pled with
13  particularity under Rule 9(b).[6]

14  Accordingly, the Court cannot conclude that Defendant Medina is properly subject to suit
15  based on the pleadings before it, so will **GRANT** Defendant Medina's motion to dismiss the SAC.
16  Defendant Medina argues that leave should not be permitted because the suit is irreparably
17  doomed: according to Medina, she has no relationship to Plaintiff, the other named defendants, or
18  the circumstances at issue, and her inclusion in the suit is likely just another harassment attempt by
19  Mario Abernathy, who served Plaintiff's complaint on her and has a long history of litigating
20  against her.  *See generally* Medina MTD.  However, the Court cannot unilaterally accept
21  Defendant Medina's account at this stage,[7] and accordingly cannot conclude with certainty that

---

[6] Though Plaintiff appears to assert all of the claims in the complaint against Medina, the Court notes that she is only mentioned specifically in the third, fifth and sixth causes of action (for quiet title and fraud by intentional misrepresentation and negligence, respectively).  The mismatch between the defendants sued for each claim and the allegations made as to that defendant in support of each claim only underscores the throw-it-all-at-the-wall character of the complaint. While the Court recognizes that Plaintiff lacks representation, it still must enforce the minimum pleadings standards that federal law requires.

[7] This is especially true for a reason Plaintiff points out: Defendant Medina did not support her many factual contentions concerning Mario Abernathy with an affidavit or declaration.  While such documentation is certainly not required for every motion to dismiss, where a motion to dismiss relies on factual contentions, a supporting affidavit or declaration must be filed pursuant to Local Rule 7-5 to support them.  Of course, where a factual contention lacks support (either from a

United States District Court
Northern District of California

1    Plaintiff cannot amend his complaint to address the deficiencies the Court identified – namely, the
2    lack of factual allegations plausibly connecting Defendant Medina to the conduct at issue.
3    Accordingly, the dismissal is with leave.  That said, and out of an abundance of caution, the Court
4    reminds Plaintiff that even though he is unrepresented, he remains personally obligated not to
5    present anything to the Court "for any improper purpose, such as to harass, cause unnecessary
6    delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).  Plaintiff may only
7    name Wendy Medina as a defendant in any amended complaint if, "to the best of [his] knowledge,
8    information and belief," any factual contentions pertaining to her "have evidentiary support or, if
9    specifically so identified, will likely have evidentiary support after a reasonable opportunity for
10   further investigation or discovery." *Id*. 11(b)(3).  Failure to follow this rule could subject Plaintiff
11   to sanctions. *Id*. 11(c)(1).

### B.     Remaining Defendants' Motion to Dismiss

The remaining defendants who have appeared in this action – Athas Capital Group, Inc., RAMA Capital Partners, LLC, The RAMA Fund, LLC, Alim Kassam, Brian O'Shaughnessy, Alex Urmersbach, FCI Lender Services, Inc., California TD Specialists, Timothy Griffith, Michael Griffith, and Jeffrey Griffith – also move to dismiss Plaintiff's complaint in its entirety. Dkt. No. 47.  The Court will **GRANT** their motion.[8]

Dismissal as to most of these Defendants is a simple matter.  Plaintiff mentions Brian O'Shaughnessy, Alex Urmersbach, Timothy Griffith, Michael Griffith, Jeffrey Griffith, and California TD Specialists just once in his entire complaint.  Specifically, Plaintiff alleges – in support of his cause of action for quiet title – that Brian O'Shaughnessy, Alex Urmersbach, Timothy Griffith, Michael Griffith, Jeffrey Griffith, California TD Specialists, among others, "are

---

declaration or judicially noticed document), the Court will simply disregard it, as it has done here; it need not deem the motion "void" in full, as Plaintiff suggests. *See* Medina Opp. at 3.

[8] These Defendants also filed a request for judicial notice, asking the Court to consider eight documents related to Plaintiff's mortgage and foreclosure: the Department of Real Estate webpage showing Peter Bao as a licensed real estate broker, the certificate of dissolution for Athas Capital Group, Inc., Plaintiff's voluntary petition for bankruptcy, and various recorded property filings (the assignment of deed of trust, deed of trust, substitution of trustee, notice of default, notice of trustee's sale, and trustee's deed upon sale). Dkt. No. 48. The *Khoja* standard discussed above applies, and the Court agrees that the accuracy of these publicly filed documents is not subject to reasonable dispute such that they may be judicially noticed.

7

1  claiming equal-share title by their association, and business Partnerships. However, it was
2  Defendant The Rama Fund, LLC and Athas Capital Group, Inc. who [have] put their names on the
3  Trustee's Deed Upon Sale." SAC ¶ 104.  This lone paragraph fails to provide the Court any
4  context for who these Defendants are and how they relate to the subject of the suit, and certainly
5  falls short of putting these defendants on notice of their alleged misconduct.  The same goes for
6  FCI Lender Services, about which one thing is said (albeit four separate times) in the SAC: "Later,
7  FCI Lender Services Inc. which is also owned by the same owners [a]s the owners of Athas
8  Capital Group Inc[.]serviced the subject refi-Loan . . . ." *Id*. ¶¶ 12, 69, 97, 155.  This allegation
9  does not illuminate either the relevance of or the purported misconduct commissioned by this
10  defendant.  In short, the Court simply cannot conclude from the isolated allegations against Brian
11  O'Shaughnessy, Alex Urmersbach, Timothy Griffith, Michael Griffith, Jeffrey Griffith, California
12  TD Specialists and FCI Lender Services, Inc. that Plaintiff has properly alleged a single – let alone
13  *fifteen* – causes of action against these defendants.  Accordingly, they will be **DISMISSED.**
14    That leaves just Athas Capital Group, Inc., RAMA Capital Partners, LLC, The RAMA
15  Fund, LLC, and Alim Kassam.  Plaintiff alleges that Alim Kassam is the "majority shareholder of
16  Athas Capital Group Inc., The Rama Fund LLC, [and] The Rama Capital Partners LLC," and that
17  he is "the alter ego of these 3 entities." SAC ¶ 4.  As best the Court can tell, Plaintiff's many
18  claims asserted against these defendants arise out of just two acts: (1) Athas Capital Group
19  charging a 9.99% interest rate on Plaintiff's refi-mortgage and 2) Alim Kassam signing the
20  Assignment of the Deed of Trust on Plaintiff's loan allegedly as a representative of the Mortgage
21  Electronic Registration System, Inc. ("MERS").[9]  However, even assuming that RAMA Capital

---

[9] Obviously, Plaintiff's fundamental concern is that his property was foreclosed upon, but it appears that he views these two acts as the primary footholds to fight the legality of the ultimate foreclosure.  While he appears to take issue with some other acts – Athas Capital Group's dissolution at the end of 2022 without prior disclosure, and the advertising of the Trustee Sale on a platform that requires a subscription or membership fee (as opposed to one that does not), *see, e.g.*, SAC ¶¶ 13, 19, 29 –the Court will not address these issues, as the SAC does not make clear whether and on what basis Plaintiff views those acts as independently unlawful (nor is the Court aware of any), and in the case of the Trustee Sale advertisement, which defendant was responsible for it.  The Court also does not address the alleged misrepresentation made by Peter Bao (who has not appeared or moved for dismissal), as it is not at all clear – despite them being named in the same causes of action – how Defendants are implicated in his alleged misconduct (or even whether Mr. Bao's comments pertained to the loan at issue, *see* Defs MTD at 20).

United States District Court
Northern District of California

1   Partners and the RAMA Fund LLC are somehow linked to these acts, the complained-of conduct

2   by these Defendants is not actionable for the following reasons.

3         For one, Plaintiff's claims presuppose that the 9.99% interest rate on his refi-mortgage is

4   usurious, as alleged.  In support, he cites Article XV of the California Constitution and section

5   1912 of the California Civil Code.  *See, e.g.*, SAC ¶ 26–28.  Section 1 of Article XV does "set[]an

6   annual interest rate of seven percent on loans and forbearances, *but allows parties to a written*

7   *contract to set the interest rate at up to 10 percent*, or at the level of the Federal Reserve's

8   discount rate plus 5 percent, on loans or forbearances involving real property."  *OCM Principal*

9   *Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 168 Cal. App. 4th 185, 198 (2008)

10  (discussing Cal. Const. art. XV § 1) (emphasis added).  Contrary to Plaintiff's representation, then,

11  the California constitution does permit a 10% interest rate on a loan for real property where, as

12  here, there is a written contract.[10]  As such, the 9.999% interest rate does not run afoul of usury

13  rules as a matter of law.  The Court therefore does not even need to reach Defendant's argument

14  that the loan was exempt from usury laws because it was arranged by a licensed real estate broker.

15  Defs MTD at 8.

16        As for the notion that Mr. Kassam's signature on the Assignment of Deed of Trust

17  rendered the subsequent foreclosure unlawful, the Court is not persuaded.  The deed of trust

18  securing Plaintiff's loan was assigned by MERS to The RAMA Fund, LLC ("RAMA") on

19  December 7, 2022, and signed by Alim Kassam.  SAC ¶ 16; *see* Dkt. No. 48-2.  While Plaintiff

20  was not a party to or beneficiary of this assignment, he nonetheless seeks to challenge its validity

21  on the basis that Mr. Kassam, "falsely signed [it] as the Assistant Secretary for . . . MERS, when

22  in actuality, Alim Kassam is not an employee nor a secretary for MERS."  SAC ¶ 16.  Defendants

23  suggest this theory amounts to a "robo-signer" claim, which they characterize as one where "a

24  person involved in a foreclosure seeks to challenge the validity of an instrument – to which they

25  were not a party or beneficiary – on the basis that the instrument's signatory misrepresented his or

26  her company affiliation."  Defs MTD at 9.  Though Plaintiff states in his opposition (without

---

[10] Section 1912 of the Civil Code – cited by Plaintiff – certainly does not disturb that conclusion given that it has nothing to say about interest rates and just defines a "loan of money."

9

argument or support) that "[t]his case does not involve Robo-signing," that is not enough to convince the Court. On the contrary, Plaintiff's concerns do appear to stem solely from Mr. Kassam's alleged misrepresentation of his affiliation on the Assignment of the Deed of Trust. As Defendants point out, courts have routinely found that that even substantiated robo-signing allegations are not actionable because borrowers typically do not have standing to challenge them. *Elliott v. Mortg. Elec. Registration Sys., Inc.*, No. 12-CV-4370 YGR, 2013 WL 1820904, at *2 (N.D. Cal. Apr. 30, 2013) (collecting cases). Rather, "[o]nly someone who suffered a concrete and particularized injury that is fairly traceable to the substitution can bring an action to declare the assignment [at issue] as void." *Javaheri v. JPMorgan Chase Bank, N.A.*, No. 2:10-CV-08185-ODW, 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012), *aff'd*, 561 F. App'x 611 (9th Cir. 2014). But here, the only injury the Court understands Plaintiff to complain of is the foreclosure of his home, which would have occurred "regardless of what entity was named as trustee." *Id*. Since his default – not the allegedly fraudulent assignment – caused him the injury at issue, he cannot void the assignment on this basis.

Based on the nature of these pleading issues, the Court does not find it necessary to tick through the individual causes of action, as the acts Plaintiff constructs his claims upon simply do not give rise to liability in the manner he alleges.[11] Accordingly, the Court will **GRANT** the

---

[11] That said, the Court will briefly address one threshold dispute in order provide guidance for any amended complaint, which is whether Plaintiff's allegations satisfy the tender rule. This rule requires plaintiffs to "'allege tender of the amount of the [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure" when seeking to set aside a completed foreclosure sale. *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. 2013) (citation omitted) (alternations in original). The rationale for the rule is simple: it would be "futile to set aside a foreclosure sale [on technical grounds], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *Id*. at 1198 (citation omitted). To be valid, a tender must be "'unconditional'" such that the transaction is complete upon the offeree's acceptance. *See Samzelius v. Bank of Am., No. C -12-03295 EDL*, 2013 WL 12193545, at *6 (N.D. Cal. Jan. 3, 2013), *aff'd sub nom. Samzelius v. Bank of Am.,* N.A., 667 F. App'x 974 (9th Cir. 2016)). Here, Plaintiff's offer of tender does not strike the court as "'an unambiguous tender of the entire amount'" since it is contingent on Plaintiff's review of loan documents. *Id*. (quoting *Gaffney v. Downing Sav. & Loan Ass'n*, 200 Cal. App. 3d 1154, 1165 (1988)). Further, Plaintiff does not allege any facts in the SAC that make plausible the contention that he currently has the means to satisfy his loan obligations; the judicially noticed bankruptcy documents certainly do not supply that plausibility. *See Herrejon*, 980 F. Supp. 2d at 1198 ("Simply put, if the offeror 'is without the money necessary to make the offer good and knows it' the tender is without legal force or effect.") (internal quotation omitted).

1  Remaining Defendants' motion to dismiss Plaintiff's complaint in its entirety.  Defendants urge
2  that the dismissal be without leave.  While the Court is skeptical that Plaintiff can sufficiently
3  rework his legal theories to state cognizable claims, it cannot conclude that amendment is
4  definitionally futile, and will permit Plaintiff one final opportunity to amend his complaint.

## IV.  CONCLUSION

The Court **GRANTS** the motions to dismiss, Dkt. Nos. 43 and 47.  For clarity, the Court confirms this means that the claims against all moving defendants (meaning all defendants but for Peter Bao, who has not appeared in the case) are unviable and must be amended to proceed.  As the Court explained, Plaintiff will be afforded one final opportunity to amend.  Any amended complaint must be filed within 35 days of this order, and <u>may not name any new defendants or add any causes of action</u>.  Plaintiff may, however, narrow his suit by removing defendants and/or causes of action.

In making amendments, Plaintiff must keep a few points in mind.  First, Plaintiff must avoid making "everyone did everything" allegations.  *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).  If Plaintiff brings a claim against a defendant, the allegations must clearly state how that defendant (as opposed to "defendants" generally) violated his legal rights.  In the SAC, the serial references to unnamed "Defendants" make it impossible to untangle the basis of a specific entity's supposed liability.  Second, for every cause of action pled, Plaintiff must allege with particularity what specific conduct gives rise to liability under the theory advanced.  In the SAC, many of Plaintiff's causes of action are presented without specific supporting factual allegations, and instead just rely on incorporating all prior allegations and then formulaically reciting the elements of the claim.  The Court should not have to – and indeed cannot – unwind what paragraph(s) among the hundreds in the SAC possibly support a claim for intentional infliction of emotion distress or deprivation of constitutional rights, or one under, for example, the Rosenthal Fair Debt Collection Act or the RICO Act.  Without more precise pleadings, neither the Court nor the parties can grasp what conduct by what defendant is at issue and why.  Third, where Plaintiff's allegations rely upon the applicability of a certain statute (e.g. California Civil Code sections 2923.5 and 2923.6), he must plead sufficient facts to allow the Court to conclude that the

11

provision actually applies.  Rule 8(a)'s mandate to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" is not optional, and Plaintiff must ensure his complaint meets this minimum threshold.

Finally, the Court **ORDERS** the following**:**

- Removing Defendants must obtain consent from those individuals and entities not party to the Notice of Removal, and jointly file a report substantiating their consent by September 4, 2024.
- Plaintiff must **SHOW CAUSE** why the Court should not dismiss Peter Bao from this action pursuant to Federal Rule of Civil Procedure 4(m).  Rule 4(m) permits dismissal of a defendant without prejudice where "[that] defendant is not served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  Plaintiff's complaint was filed in November 2023 – well over 90 days ago – and there is no indication that Mr. Bao has been served.  Plaintiff's response (which may not exceed two pages in length) is due September 11, 2024.

The Court further advises Plaintiff, who is representing himself, that he can seek assistance at the Legal Help Center if he desires assistance complying with this order.  The Legal Help Center provides free information and limited-scope legal assistance to pro se litigants.  More information about the Legal Help Center is provided at http://www.cand.uscourts.gov/legal-help.  Telephone appointments may be scheduled either over the phone at (415) 782-8982 or by email at FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated:  8/26/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge