UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRIOUS GATES,

    Plaintiff,

v.

ALIM KASSAM, et al.,

    Defendants.

Case No. 23-cv-04827-HSG

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Re: Dkt. Nos. 63, 64

Before the Court are motions to dismiss filed by Defendants Athas Capital Group, Inc., RAMA Capital Partners, LLC, The RAMA Fund, LLC, Alim Kassam, Brian O'Shaughnessy, Alex Urmersbach, FCI Lender Services, Inc., California TD Specialists, Timothy Griffith, Michael Griffith, and Jeffrey Griffith, Dkt. No. 63, and Defendant Wendy Y. Medina, Dkt. No. 64. The Court finds these matters appropriate for disposition without oral argument and deems them submitted. *See* Civil L.R. 7-1(b). The Court **GRANTS** the motions to dismiss without leave to amend.

**I.   BACKGROUND**

In August 2024, the Court granted Defendants' motions to dismiss Plaintiff Tyrious Gates' second amended complaint.[1] *See* Dkt. No. 2 ("Order") at 11. The Court gave Plaintiff one final opportunity to amend his claims to clearly state how each defendant violated his rights and to present specific supporting factual allegations for his theories. *See id.*

Plaintiff failed to file an amended complaint by the deadline, and the Court ordered him to show cause why his case should not be dismissed for failure to prosecute. Dkt. No. 60. Plaintiff

---

[1] The Court detailed the facts of the case in its prior Order and incorporates those facts here. *See* Order at 1–3.

timely filed his response to the show cause order along with a third amended complaint ("the TAC"). Dkt. Nos. 61, 62. Defendant Medina then filed another motion to dismiss the TAC, *see* Dkt. No. 64, as did the remaining Defendants, *see* Dkt. No. 64.[2]

## II. LEGAL STANDARD

In its prior Order, the Court discussed the pleading standard under Federal Rule 8(a) and the standard for dismissing a complaint under Federal Rule 12(b)(6), and the Court adopts those standards here. *See* Order at 3–5. To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, although courts may apply a "liberal interpretation" to complaints by pro se litigants, courts "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A court may grant a motion to dismiss if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

In its Order dismissing Plaintiff's prior complaint, the Court clearly explained why Plaintiff's claims were unviable as pled and outlined the fundamental issues that any amendments had to address for Plaintiff's complaint to survive another motion to dismiss. As to Defendant Medina, the Court clarified that Plaintiff must plead factual allegations plausibly connecting her to the alleged wrongful conduct at issue by describing in sufficient detail her alleged relationship to Kassam, and explaining how she was involved in the alleged fraud and how that involvement gave rise to any liability. *See* Order at 7. The Court also dismissed claims against Defendants Brian

---

[2] At the time Defendants moved to dismiss Plaintiff's prior complaint, Defendant Peter Bao of Cameo Real Estate had not appeared in this action and was not one of the moving Defendants, apparently because Mr. Bao had not been served the second amended complaint. *See* Order at 3, fn. 3. The Court ordered Plaintiff to show cause why Mr. Bao should not be dismissed from the case given that he was not timely served. *See id.* at 12. Plaintiff's belated response to the show cause order did not address this issue. *See* Dkt. No. 62. Plaintiff again named Peter Bao and Cameo Real Estate as defendants in his third amended complaint. *See* TAC at 1. Mr. Bao still has not appeared in this action, and there is nothing on the docket to indicate that he has been served the third amended complaint. Peter Bao and Cameo Real Estate are therefore **DISMISSED** from the case.

2

O'Shaughnessy, Alex Urmersbach, Timothy Griffith, Michael Griffith, Jeffrey Griffith, and California TD Specialists for failure to properly allege any claim against them, given that Plaintiff only made one vague allegation in his entire complaint to support fifteen causes of action against these Defendants. *See id.* at 8.  Finally, as to remaining Defendants Athas Capital Group, Inc., RAMA Capital Partners, LLC, The RAMA Fund, LLC, and Alim Kassam, the Court dismissed the claims against them because the complained-of conduct was not actionable:  Plaintiff's loan rate was not usurious under California law, and because Plaintiff's default on his mortgage loan was not caused by a fraudulent assignment, he could not void the assignment and challenge the foreclosure of his property on that basis. *See id.* at 9–10.

The TAC plainly fails to cure any of these fatal deficiencies.  In fact, the TAC is nearly identical to Plaintiff's prior complaint except for a brief section titled "New Facts" that is repeated for each claim.  *See* Dkt. No. 61 ("TAC") ¶¶ 57, 82, 113, 139.  These "new facts" similarly do not mention Defendants Brian O'Shaughnessy, Alex Urmersbach, Timothy Griffith, Michael Griffith, Jeffrey Griffith, and California TD Specialists.  They also fail to state any plausible connection between Defendant Medina and the alleged wrongful conduct.  *See id.* (stating only that Medina "attempts to blame Plaintiff for her litigious history").  Moreover, Plaintiff's amended complaint fails to address any of the above-mentioned problems with the legal arguments underlying his claims.  Most of the "new facts" in the TAC are not new at all; they are simply another recitation of Plaintiff's prior arguments that the Court has already rejected.  *See, e.g.*, Order at 8, fn. 9 (determining that dissolution of Athas Capital Group is not relevant to Plaintiff's claims), 9–10 (rejecting Plaintiff's assertion that his theory does not amount to an inactionable "robo-signer" claim).  And in his oppositions to both motions to dismiss, Plaintiff repeats these same irrelevant facts and arguments and makes other immaterial allegations about Defendants and their counsel, none of which are relevant to the Court's resolution of the motions to dismiss.  In sum, all of the fundamental pleading issues that the Court identified in its prior Order are still present in the TAC, and are still fatal to Plaintiff's claims.

//

//

3

## IV. CONCLUSION

Based on Plaintiff's failure to remedy the deficiencies that the Court clearly identified, granting leave to further amend the complaint would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies identified by the court in amended pleading). Accordingly, the Court **GRANTS** Defendants' motions to dismiss, Dkt. Nos. 63 and 64, and **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's third amended complaint. The Court **DIRECTS** the Clerk to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated: 12/6/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge